MORGAN, LEWIS & BOCKIUS LLP
Samson C. Huang, Bar No. 273785
300 South Grand
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501
samson.huang@morganlewis.com

Attorney for Defendants
QUALCOMM INCORPORATED and
QUALCOMM INCORPORATED US
RETIREMENT COMMITTEE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO PEREZ-CRUET, individually and as a representative of a class of participants and beneficiaries on behalf of the Qualcomm Incorporated Employee Savings and Retirement Plan<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED and QUALCOMM INCORPORATED US RETIREMENT COMMITTEE<br><br>Defendants. | Case No. 3:23-cv-01890-BEN-MMP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM INCORPORATED US RETIREMENT COMMITTEE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**<br><br>Date:         February 26, 2024<br>Time:        10:30 a.m.<br>Courtroom:   5A |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB1/ 143417751.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Claims One through Six of Plaintiff's Complaint should be dismissed because they fail to state a claim under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Qualcomm Incorporated Employee Savings and Retirement Plan (the "Plan").

The Plan is a defined contribution individual account pension plan. Compl. ¶¶ 4, 13. The Plan contains a vesting schedule that provides that participants are immediately vested in their own contributions, and generally vest in company contributions over a period of two years. *Id.* ¶ 16. Under the terms of the Plan, a participant who terminates employment before vesting in company contributions "forfeits" those unvested amounts in his account. *Id.* ¶ 17; *see also* 29 U.S.C. § 1053(a)(2)(B).

This case is about the forfeiture amounts in the accounts of participants who terminated employment before vesting in their company contributions. Plaintiff does not challenge the Plan's vesting schedule or its application to his account. He also does not allege that his account in the Plan should have been credited with employer contributions that he did not receive. Instead, in Claims One through Six of his Complaint, Plaintiff alleges that Defendants Qualcomm Incorporated ("Qualcomm") and Qualcomm Incorporated US Retirement Committee ("Committee") (collectively "Defendants") breached their fiduciary duties of loyalty and prudence and violated ERISA's anti-inurement and prohibited transaction provisions by using forfeiture amounts in the accounts of other non-vested participants to reduce employer contributions to the Plan instead of using them to pay Plan expenses. Compl. ¶¶ 30-65.

These claims fail as a matter of law. Most importantly, Treasury Department regulations explicitly require plans to use forfeitures in exactly the way the Plan

does here. *See* 26 C.F.R. § 1.401-7. That regulation provides that any forfeitures "*must* be used as soon as possible *to reduce the employer's contributions under the plan*." 26 C.F.R. 1.401-7(a) (emphasis added). In other words, the Complaint alleges that Defendants used Plan forfeitures in exactly the way the existing regulation permits – indeed requires – them to be used. Moreover, just this year, the Treasury Department issued a new proposed regulation permitting a defined contribution plan to use forfeitures "for one or more of the following purposes: (i) To pay plan administrative expenses; (ii) *To reduce employer contributions under the plan*; or (iii) To increase benefits in other participants' accounts in accordance with plan." 88 Fed. Reg. 12282, 12285 (Feb. 27, 2023) (emphasis added). That proposed regulation is intended to replace and expand upon the *existing* regulation, and, if and when it is finalized, also will permit the very conduct Plaintiff challenges in this lawsuit.

Plaintiff's Complaint alleges that Qualcomm should have departed from the language of the Plan – and from the Treasury Department regulation – to use forfeited contributions for a purpose other than reducing the Company's contributions under the Plan so that Qualcomm has to contribute more to the Plan. This is not an obligation that is required by fiduciary duties or any other provision of ERISA. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996) ("Nothing in ERISA requires employers to establish employee benefits plans. Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan."); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 512 (1981) ("That the private parties, not the Government, control the level of benefits is clear from the statutory language. . . ."). Accordingly, Counts One through Six fail to state a claim and should be dismissed.[1]

---

[1] Claim Seven of the Complaint alleges that Plaintiff requested certain Plan documents that were not provided within thirty days of his request. Defendants do not seek Rule 12(b)(6) dismissal of that claim with this Motion.

## II. BACKGROUND

Plaintiff is a former Qualcomm employee and is a current participant in the Plan. Compl. ¶ 9. The Plan is an individual account defined contribution plan. *Id*. ¶¶ 4, 12. That means a participant's benefit is not based on a precise mathematical formula, but rather the assets in his account, including any gains or losses. Qualcomm is both the plan sponsor and plan administrator. *Id*. ¶ 6.

A participant is vested immediately in his own contributions to his account in the Plan. Compl. ¶ 16. Participants vest in Qualcomm's contributions to their account over a period of two years – 50% on their first anniversary and the remaining 50% on their second anniversary. *Ibid.* Of course, no one knows if a participant will stay long enough to vest in Qualcomm's contributions until that two-year mark arrives. So, for example, a participant may receive $1,000 in Qualcomm contributions to his account in his first year of employment; if that participant stays for two years, he will vest in that $1,000; but if he leaves before the two-year mark, he will "forfeit" some or all of that unvested $1,000. *Id.* ¶ 17. In effect, this means that Qualcomm contributed $1,000 to this participant's account that in hindsight turns out it did not owe him.

Plaintiff alleges that Qualcomm's contributions to unvested participant accounts that were forfeited (e.g., in the example above) were used to reduce Qualcomm's new ongoing contributions to the Plan. Compl. ¶ 20. That is, these forfeited contributions in the accounts of unvested participants were "reallocated" to the accounts of other participants in the Plan in lieu of additional Qualcomm contributions that otherwise would have been credited to their accounts. *Id.* ¶ 17, 21-23.

Plaintiff alleges that this was improper, and that Defendants instead were required to use these forfeitures to reduce Plan expenses. Compl. ¶ 19. The Complaint does not allege that Plaintiff or any other participant received fewer

contributions – employee or Qualcomm contributions – to their Plan account than called for under the Plan.

### III. RULE 12(b)(6) STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Whether a complaint states a plausible claim is context specific, and conclusory allegations and assertions without factual support are insufficient. *Ibid*. The Supreme Court has emphasized that Rule 12(b)(6) is an "important mechanism for weeding out meritless claims" in the ERISA class action context. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).

### IV. DISCUSSION

#### A. Plaintiff's Claims One Through Five Fail as a Matter of Law Because Treasury Regulations Specifically Authorize Qualcomm To Use Forfeitures To Reduce Employer Contributions

ERISA is "an enormously complex and detailed statute." *Mertens v. Hewitt Associates*, 508 U.S. 248, 262 (1993). This case, however, is straight forward and simple. Plaintiff alleges that Defendants breached their fiduciary duties and otherwise violated ERISA's anti-inurement and prohibited transaction provisions by using Plan forfeitures to reduce employer contributions. But Treasury regulations specifically authorize that exact practice.

First, 26 C.F.R. 1.401-7(a) provides that "forfeitures arising from severance of employment, death, or for any other reason [] must not be applied to increase the benefits any employee would otherwise receive under the plan. . . ." The regulation goes on to state that "the amounts so forfeited *must be used* as soon as possible *to reduce the employer's contributions under the plan*." *Ibid*. (emphasis added); *see also* Rev. Ruling 67-68. That is exactly what Plaintiff alleges the Plan here does.

Second, the Treasury Department has proposed a new regulation that permits

a plan to use forfeitures for one of three purposes: "(i) To pay plan administrative expenses; (ii) *To reduce employer contributions under the plan*; or (iii) To increase benefits in other participants' accounts in accordance with plan." 88 Fed. Reg. at 12285 (emphasis added).[2] The proposed regulation "addresses the precise situation at issue," *Plancarte Sauceda*, 23 F.4th at 832, and – just like the existing regulation – explicitly permits the very conduct that Plaintiff challenges.

Plaintiff's Complaint does not even mention this controlling regulation or proposed new one, nor does he challenge them. The existing regulation has been in place for decades. Yet neither Congress nor the Treasury Department has ever sought to modify it to prohibit using forfeitures to reduce employer contributions, as Plaintiff now claims is required. *See CFTC v. Schor*, 478 U.S. 833, 846 (1986) ("[W]hen Congress revisits a statute giving rise to a longstanding administrative interpretation without pertinent change, the congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress.") (quotation marks and citation omitted); *Douglas v. Xerox Bus. Servs., LLC*, 875 F.3d 884, 889 (9th Cir. 2017).

Moreover, none of the statutes Plaintiff cites in his Complaint even mention forfeitures, let alone prohibit using forfeitures the way the regulation explicitly authorizes. *See E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774, 135 S. Ct. 2028, 2033, 192 L. Ed. 2d 35 (2015) (a statute's silence should be construed "as exactly that: silence"). It would be nonsensical to suggest that statutes that do not even mention forfeitures would prohibit using forfeitures in the manner the existing and proposed regulations unambiguously and explicitly permit. *See Christensen v. Harris Cnty.*, 529 U.S. 576, 585 (2000) (a practice is not prohibited under a statute that "says nothing" about it); *Cumbie v. Woody Woo, Inc.*, 596 F.3d

---

[2] "[A] proposed regulation is entitled to respect if it has the power to persuade." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022) (quotation marks and citations omitted).

577, 583 (9th Cir. 2010) ("[A]n employment practice does not violate the FLSA unless the FLSA *prohibits* it.") (emphasis in original).

For good reason. To start, as a matter of economics and math, the forfeiture amounts are monies that were contributed by Qualcomm to the accounts of unvested participants in the Plan that it turns out (in hindsight) Qualcomm did not owe them. It would be reasonable for those funds to be returned to Qualcomm as mistakenly paid.[3] *See* 29 U.S.C. § 1103(c)(2)(A) (providing for return of mistakenly paid contributions to employer). But Plaintiff does not allege that is what happened here. That is, Plaintiff does not allege that the forfeitures were taken out of the Plan and returned to Qualcomm. Instead, the forfeited funds remain in the Plan and are "reallocat[ed]" to other participants' accounts.[4] Compl. ¶¶ 21-24. That is, they are used to "provid[e] benefits to participants," just as ERISA's fiduciary duties, anti-inurement provision, and prohibited transaction rules require. 29 U.S.C. § 1103(c)(1) (assets of a plan "shall be held for the exclusive purposes of providing benefits to participants . . ."); 29 U.S.C. § 1104(a)(1)(A) (similar); *see also Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999) (ERISA's "exclusive purpose" language "focuses exclusively on whether fund assets were used to pay pension benefits to plan participants"); *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22 (2004) ("The [anti-inurement] provision demands only that plan assets be held for supplying benefits to plan participants."). As the Supreme Court put it, because plaintiff "do[es] not allege that [defendants] used any of the assets for a purpose other than to pay its obligations to the Plan's beneficiaries," there is no violation of ERISA. *Hughes*, 525 U.S. at 443; *see also Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004) (ERISA's "exclusive

---

[3] By analogy, when one orders groceries online, he will be charged when he places the order; but if it turns out one of the items ordered was not in stock, he will be credited back the cost of that item when he picks up those groceries.

[4] Continuing with the analogy, this is equivalent to substituting a different grocery item and crediting the amount paid for the first (out of stock) item towards the cost of the replacement item.

purpose" requirement does not impose "an exclusive duty to maximize pecuniary benefits.") (quotation marks and citations omitted).

There also is nothing unreasonable or imprudent about following the explicit Treasury Department regulation that speaks to the precise issue in question. *See Hendon*, 541 U.S. at 22-23 (examining relevant Department of Labor regulation in determining whether ERISA prohibits working owners from participating as plan participants); *Alessi*, 451 U.S. at 517-21(examining relevant Treasury regulation in determining whether ERISA prohibits the offset of retirement benefits by amounts of post-retirement workers' compensation awards). And ERISA requires plan fiduciaries to comply with the Treasury Department regulation. 29 U.S.C. § 1144(d); *First Nat. Bank of Chicago v. Comptroller of Currency of U.S.*, 956 F.2d 1360, 1368 (7th Cir. 1992) ("There can be no violation of ERISA itself" by following other federal regulations because ERISA "is explicit that it shall not be construed to invalidate or impair any federal regulation"); *Dudenhoeffer*, 573 U.S. at 410 (ERISA's duty of prudence "does not require a fiduciary to break the law" and "cannot require" an action that would violate other federal law).

The Complaint does not allege that the Plan terms required forfeitures to be used to reduce plan expenses. Nor are ERISA's prohibited transaction rules even implicated. There is no "transaction" between a plan and some third party being challenged. *See* 29 U.S.C. § 1106(a)(1). Instead, Plaintiff alleges that forfeitures stay in the Plan and are reallocated to different participant accounts within the Plan. Such use of Plan assets does not qualify as a "transaction" under ERISA's prohibited transactions provision. *See Spink*, 517 U.S. at 892-93 (payment of benefits not a "transaction" under 29 U.S.C. § 1106(a)). More specifically, there is no alleged "sale or exchange, or leasing, of any property," between Qualcomm and the Plan. 29 U.S.C. § 1106(a)(1)(A). Nor are there Plan assets being "transfer[red]

to" or "use[d] by" anyone except the Plan; they are being used solely by the Plan to provide benefits to participants. 29 U.S.C. § 1106(a)(1)(D); 29 U.S.C. § 1106(b).

The fact that Qualcomm may end up contributing less of its own money to the Plan because of how the forfeitures are used is irrelevant. *See Collins v. Pension and Ins. Committee of Southern Cal. Rock Products and Ready Mix Concrete Assocs.*, 144 F.3d 1279, 1282 (9th Cir. 1998) ("Although ERISA does not explicitly define 'plan assets,' a plain interpretation of the term does not encompass future contributions not yet made."). Moreover, the Supreme Court has made clear that ERISA does not proscribe actions that are otherwise lawful simply because they incidentally benefit the employer. *Hughes*, 525 U.S. at 445-46 (lower labor costs and "other such incidental benefits" are not impermissible under ERISA); *Spink*, 517 U.S. at 892-93 (use of surplus funds to offer early retirement benefits permissible under ERISA); *see also Holliday v. Xerox Corp.*, 732 F.2d 548 (6th Cir. 1984) (use of funds in one plan pension account to offset the amounts the employer would have to contribute to pay the benefits owed under a different account does not violate ERISA just because the employer also benefitted because the amounts it had to contribute were reduced). Indeed, Qualcomm does not need to contribute anything to the Plan; it could terminate the Plan or eliminate entirely its employer contributions.

Lastly, and to state the obvious, if plans were always required to use forfeitures to reduce plan expenses – instead of (or before) using them to reduce employer contributions – the Treasury Department regulation that speaks to this precise issue would have said that. But it does not. Or the new proposed regulation would say that. And it does not either. As such, Claims One through Five fail to state a claim and should be dismissed.

///

///

///

**B. Plaintiff's Claim Six for Failure to Monitor Fails as a Matter of Law**

Plaintiff's Claim Six for failure to monitor is derivative of his other claims, and because those claims fail, this claim fails as well and should be dismissed. *Patterson v. Cap. Grp. Companies, Inc.*, No. CV174399DSFPJWX, 2018 WL 748104, at *6 (C.D. Cal. Jan. 23, 2018) (dismissing monitoring claim because "none of Plaintiff's other causes of action states a claim"); *Marks v. Trader Joe's Co.*, No. CV1910942PAJEMX, 2020 WL 2504333, at *8 (C.D. Cal. Apr. 24, 2020) (same).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Claims One through Six in the complaint.

Dated: January 6, 2024                    MORGAN, LEWIS & BOCKIUS LLP

By _____
Samson C. Huang
Attorney for Defendants
QUALCOMM INCORPORATED
and QUALCOMM
INCORPORATED US
RETIREMENT COMMITTEE