1  MORGAN, LEWIS & BOCKIUS LLP
   Jennifer B. Zargarof, Bar No. 204382
2  Samson C. Huang, Bar No. 273785
   300 South Grand
3  Twenty-Second Floor
   Los Angeles, CA 90071-3132
4  Tel:   +1.213.612.2500
   Fax:  +1.213.612.2501
5  jennifer.zargarof@morganlewis.com
   samson.huang@morganlewis.com
6
   Attorney for Defendants
7  QUALCOMM INCORPORATED and
   QUALCOMM INCORPORATED US
8  RETIREMENT COMMITTEE

9

10                UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| ANTONIO PEREZ-CRUET, individually and as a representative of a class of participants and beneficiaries on behalf of the Qualcomm Incorporated Employee Savings and Retirement Plan<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED and QUALCOMM INCORPORATED US RETIREMENT COMMITTEE<br><br>Defendants. | Case No. 3:23-cv-01890-BEN-MMP<br><br>**REPLY IN SUPPORT OF DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM INCORPORATED US RETIREMENT COMMITTEE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)**<br><br>Date: February 26, 2024<br>Time: 10:30 a.m.<br>Courtroom: 5A |

## I. INTRODUCTION[1]

Despite Plaintiff's attempt to confuse the issue by addressing arguments Defendants never made, this case is simple. Using forfeitures to reduce employer contributions is permitted by controlling (and proposed new) regulations that are directly on point, as well as by the IRS Revenue Ruling that Plaintiff cites and relies upon in his Opposition Brief. Moreover, none of the statutes he alleges were violated—or any of the cases he cites—even *address* how forfeitures should be used, let alone prohibit using them the way the Plan did here. As alleged, the forfeitures from unvested participants never leave the Plan but instead are deposited into other participant accounts in the Plan to *provide benefits to those other participants*. The Court should dismiss Claims One through Six of the Complaint with prejudice.

### A. Plaintiff Fails To State a Claim that Defendants Violated ERISA By Reallocating Forfeitures To Reduce Employer Contributions.

The legal theory advanced in the Complaint is that defined contribution plans can never use forfeitures to reduce employer contributions because ERISA's fiduciary duties, and prohibited transaction and anti-inurement rules, require plans to always use forfeitures to reduce plan expenses. But none of the statutory provisions on which Plaintiff relies actually address this circumstance, nor does Plaintiff cite a single case—from anywhere—endorsing his argument.[2] That's because Plaintiff's claims are unprecedented and wrong.

As explained in Defendants' opening brief, Treasury regulations state that plan forfeitures "must be used as soon as possible to reduce the employer's contributions under the plan." 26 C.F.R. § 1.401-7(a); *see also* Rev. Rul. 67-68, 1967-1 C.B. 86; Mot. at 5-6. And a proposed Treasury regulation would continue to permit plans to

---

[1] Terms defined in Defendants' Motion to Dismiss (ECF No. 15-1) have the same meaning here. Plaintiff's Opposition Brief (ECF No. 17) is referred to as "Opp."

[2] Plaintiff does cite and attach one Department of Labor ("DOL") brief filed in a case that he says supports his position. (Opp. at 23, citing *Acosta v. Anthony C. Allen*, Case No. 3:17-cv-784-CHB (W.D. Ky.)). As explained *infra*, it does not.

use forfeitures for three purposes, including to "reduce employer contributions under the plan." Use of Forfeitures in Qualified Retirement Plans, 88 Fed. Reg. 12282-01, 12285 (proposed Feb. 27, 2023) (to be codified at 26 C.F.R. 1.401-7 pt 1) (referred to hereafter as "88 Fed. Reg."). *See also* 83 Fed. Reg. 34469, at 34470 (July 20, 2018) (explaining that "these [other] regulations permit forfeitures of prior contributions to be used to fund" qualified matching and other employer contributions). The Plan here does exactly what these regulations permit. Plaintiff's arguments to avoid these regulations and related guidance is misplaced.

### 1. Plaintiff's Attempt To Avoid The Regulations And Related Guidance Is Misplaced.

First, Plaintiff claims that the existing regulation only applies to "pension plans," not to "defined contribution plans" like the Plan. Opp. at 5, 6 ("Instead, it is expressly limited to a 'pension plan.' *See* 26 C.F.R. § 1.401-7(a)."). Plaintiff's argument is wrong and reflects a misunderstanding of what a "pension plan" is.

Plaintiff's argument seems to be conflating the term "defined benefit" plan with "pension plan." But a "pension plan" includes both a defined benefit plan and a defined contribution plan. 29 U.S.C. § 1002(34) provides that a "defined contribution plan means *a pension plan* which provides for . . . ." (emphasis added). *See also Miller v. Xerox Corp. Ret. Income Guarantee Plan*, 464 F.3d 871, 874 (9th Cir. 2006) ("The Profit Sharing Plan was a defined contribution plan, which ERISA defines as '*a pension plan…*'") (emphasis added). Even Plaintiff's Complaint admits that the Plan here is a pension plan: "The Qualcomm Plan is a defined contribution, individual account, employee *pension* benefit plan. . . ." Compl. ¶ 4. (emphasis added).

Second, Plaintiff cites (Opp. at 6) Revenue Ruling 71-313, 1971 WL 26693 (1971), which he says supports his position that the Plan is a "profit-sharing" plan not covered by the regulation. But he does not read the whole Revenue Ruling. Right after the section Plaintiff quotes, the Revenue Ruling explains that "[t]hus, profit-sharing and stock bonus plans *may provide that forfeitures be used to reduce*

*employer contributions* that otherwise would be required under the contribution formula contained in the plan." *Id.* (emphasis added). In other words, even if the regulation did not apply to the Plan here, the Revenue Ruling Plaintiff relies on does, and it unambiguously permits the Plan to do what Plaintiff alleges is improper.

Third, Plaintiff asks this Court to infer that changes to the relevant statutes in 1986 mean that the Plan here cannot use forfeitures to reduce employer contributions. (Opp. at 6). Once again, his argument is misplaced. As the Treasury Department explained when proposing the new regulations in 2023, the legislative history of the 1986 statutory changes confirms that *all* defined contribution plans were permitted to use forfeitures to reduce employer contributions, both before and after 1986:

> The conference report accompanying TRA 86 (Conference Report) explained that, prior to TRA 86, forfeitures under a money purchase pension plan could not be used to increase benefits, but *were required to be applied to reduce future employer contributions* or to offset administrative expenses of the plan, and that forfeitures in a defined contribution plan that is not a money purchase pension plan could be reallocated to the remaining participants under a nondiscriminatory formula, *used to reduce future employer contributions*, or used to offset administrative expenses of the plan. H.R. Rept. No. 99–841, at II–442 (1986). The Conference Report also noted that the changes made by TRA 86 *provided uniform rules regarding the use of forfeitures under any defined contribution plan* and stated that, following these changes, "forfeitures arising in any defined contribution plan (including a money purchase pension plan) can be either (1) reallocated to the accounts of other participants in a nondiscriminatory fashion, or (2) *used to reduce future employer contributions or administrative costs*."

88 Fed. Reg. at 12283 (quoting the Conference Report, emphasis added). In other words, before 1986, a "money purchase" defined contribution plan had only two choices with respect to forfeitures: to use forfeitures to reduce employer contributions or pay expenses; and every other defined contribution plan had three choices: to use forfeitures to reduce employer contributions, pay expenses, or be reallocated to other participants. *Id.* After 1986, the rules were uniform for all defined contribution plans: they are all permitted to use forfeitures to reduce employer contributions. *Id.* Claims One through Five should be dismissed.

### 2. Plaintiff's Attempt To Avoid The Proposed Regulation Is Misplaced.

In their Motion, Defendants also explained that the Treasury Department's 2023 proposed regulation likewise permits plans to use forfeitures to reduce employer contributions. Plaintiff concedes that the proposed regulation would allow the Plan to use forfeitures to reduce employer contributions, and he does not challenge the lawfulness of that regulation. Opp. at 7-9. Instead, Plaintiff argues that the regulation is just a proposed one, and that it only applies after January 1, 2024. *Id.* Plaintiff's arguments miss the point.

First, Defendants acknowledged in their Motion that the proposed regulation is just that—proposed. But as Defendants explained, the Ninth Circuit has held that "a proposed regulation is entitled to respect if it has the power to persuade." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 832 (9th Cir. 2022). Here, the Treasury Department explains at length the bases for the proposed regulation, and the reasons for it. *See* 88 Fed. Reg. at 12282-85. It also explains how the proposed regulation is fully consistent with the existing regulation, and both permit the very conduct challenged in the Complaint. *Id*.

For example, the Treasury Department explains that the regulation *clarifies* the existing law that plan forfeitures can be used to reduce employer contributions in any defined contribution plan. 88 Fed. Reg. at 12283 ("Consistent with changes made by TRA 86 providing uniform rules for the use of forfeitures in defined contribution plans (as described in the Conference Report), the proposed regulations would *clarify* that forfeitures arising in any defined contribution plan (including in a money purchase pension plan) may be used for one or more of the following purposes, as specified in the plan: . . . (2) *to reduce employer contributions under the plan*. . . .") (emphasis added). Plaintiff does not dispute the analysis and rationale of the proposed regulation. The proposed regulation "addresses the precise situation at issue," *Plancarte Sauceda*, 23 F.4th at 832, and explicitly permits the very conduct that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

5

REPLY ISO RULE 12(b)(6) MOTION TO
DISMISS
3:23-CV-01890-BEN-MMP

Plaintiff challenges. Merely saying that the regulation is not final yet, as Plaintiff does, cannot save his claims from dismissal.

Second, Plaintiff argues that the proposed regulation "*would for the first time regulate the use of forfeitures in defined contribution plans. . . .*" (Opp. at 7, emphasis added). Plaintiff's admission is significant. Even according to Plaintiff, until this regulation becomes final, nothing regulates, i.e., prohibits or otherwise restricts, the ability to use forfeitures in the way the Plan does here.

Third, Plaintiff argues that the proposed regulation is only effective January 1, 2024. (Opp. at 8). But the proposed regulation also provides that plans "may rely on these proposed regulations for periods preceding the applicability date." 88 Fed. Reg. at 12284. Furthermore, "forfeitures incurred during any plan year that begins *before* January 1, 2024 will be treated as having been incurred in the first year that begins on or after January 1, 2024." 88 Fed. Reg. at 12285. (emphasis added). So the proposed regulation expressly permits Plaintiff's challenged conduct, even for forfeitures before 2024.

### 3. Plaintiff Cannot Reconcile His Interpretation Of ERISA With The Existing Or Proposed Regulations.

Lastly, Plaintiff cannot reconcile his interpretation of ERISA's fiduciary duty, prohibited transaction, and anti-inurement statutory provisions with his arguments about the existing regulations, other guidance, or the proposed regulations.

The statutes Plaintiff relies on apply to all defined contribution plans and *all* defined benefit plans. 29 U.S.C. §§ 1103, 1104, 1106. That is, for example, fiduciaries in *all* plans need to use plan assets "for the exclusive purpose of providing benefits to participants . . . and defraying reasonable expenses." 29 U.S.C. § 1103(c)(1). The duty of loyalty and prohibited transaction rules likewise apply to fiduciaries of all plans. 29 U.S.C. §§ 1104(a)(1)(A); 1106. And if forfeitures are "plan assets," as Plaintiff claims, then they are plan assets[3] in all plans. Yet Plaintiff

---

[3] Defendants assume, for purposes of this Motion, that forfeitures are plan assets.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

6

REPLY ISO RULE 12(b)(6) MOTION TO
DISMISS
3:23-CV-01890-BEN-MMP

concedes that 29 U.S.C. §§ 1103, 1104, and 1106 do not prohibit fiduciaries of a defined benefit plan from using forfeitures to reduce employer contributions or prohibit fiduciaries of *some* defined contribution plans ("money purchase" plans) from using forfeitures to reduce employer contributions. (Opp. at 4). If so, those statutory provisions cannot prohibit the Plan from doing the same thing.[4]

Moreover, "Congress does not draft statutes in a vacuum." *United States v. Merrell*, 37 F.4th 571, 576 (9th Cir. 2022), and courts "presume that Congress is aware of the legal context in which it is legislating." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683-84 (9th Cir. 2006). Given the legislative and regulatory history surrounding ERISA's enactment, it is implausible that Congress intended, on one hand, to approve the use of forfeitures to reduce employer contributions in the Internal Revenue Code, while on the other hand prohibited that same use under ERISA.[5] Plaintiff's contrary argument violates 29 U.S.C § 1144(d), which requires that ERISA yield to any other federal laws. *See, e.g.*, *In re CF & I Fabricators of Utah, Inc.*, 150 F.3d 1293, 1301 (10th Cir. 1998) ("Congress has made clear when ERISA conflicts with another provision of federal law, ERISA must be subordinated.").

### 4. The DOL's Brief In *Allen* Undermines Plaintiff's Arguments.

Plaintiff also argues that the DOL's brief in *Acosta v. Allen* supports his position that 401(k) plans cannot use plan forfeitures to reduce employer contributions. Opp. at 23. Dkt. 18-1, ¶ 5; Dkt. 18-6. But the DOL's Brief in Allen

---

[4] To be sure, the impact on individual participants might be different in different types of plans, but the statutory provisions impose obligations with respect to "the plan" and "plan assets," not individual participants.

[5] Plaintiff's related suggestion that regulations under the Internal Revenue Code are irrelevant to his claims under ERISA is contrary to Supreme Court precedent, which consistently looks to the Internal Revenue Code when interpreting ERISA. *See Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 22-23 (2004) (ERISA's anti-inurement provision does not bar working owners from qualifying as plan participants because IRC Section 401(a)(2)'s exclusive benefit provision, upon which ERISA's anti-inurement is based, "has never been understood to bar tax-qualified plan participation by working owners"); *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 517-21 (1981) (similar).

actually supports Defendants' position here.

The DOL argued in *Allen* that the defendants breached fiduciary duties and committed prohibited transactions because they were using forfeitures in a way that was prohibited by the governing plan documents in that case. The DOL's Brief explains that "[t]he Secretary filed his Complaint in this matter . . . alleging violations of Title I of ERISA, *stemming from Defendants' failure to follow the plan documents*." Dkt. 18-6 at PageID.197 (emphasis added). Indeed, the plan language in that case explicitly required that "forfeitures *will be used* to pay Plan expenses" before being used for any other purpose, which the DOL argued was "clear and unambiguous." *Id.* at PageID.203-04, 209-10 (emphasis added). Accordingly, the DOL sought damages "[a]s a result of Defendants' blatant disregard for the clear language of the plan documents. . . ." *Id.* at PageID.197.[6] The district court agreed with the DOL because "the forfeiture provisions [in the plan] were not ambiguous" and "[f]ailure to follow retirement-plan provisions regarding the treatment of forfeitures can amount to a breach of fiduciary duties under ERISA." *Walsh v. Allen*, 2022 WL 256312, at *1, *5 (W.D. Ky. Jan. 26, 2022).

The Complaint here alleges nothing of the sort. The Complaint does not identify any plan language that Defendants allegedly violated, and specifically alleges that Defendants have "discretion" under the Plan on how to use forfeitures. Compl. ¶ 18.[7] And logically, it would make no sense for the DOL Brief, and the *Allen* court opinion, to focus on whether the plan terms permitted the employer to use

---

[6] *See also* Dkt. 18-6 at PageID.196 ("Defendants breached their fiduciary duties and engaged in prohibited transactions when they used plan assets *in a manner contrary to the plan documents* of four 401(k) plans sponsored by Sypris Solutions.").

[7] To the extent Plaintiff is suggesting in his Opposition that Defendants did not use forfeitures in accordance with the Plan document, as in *Allen*, he did not bring such a claim in his Complaint. He also had a right to amend his Complaint in response to Defendants' Motion, which explained that the "Complaint does not allege that the Plan terms required forfeitures to be used to reduce plan expenses." (Mot. at 8). Plaintiff thus waived his right to bring that claim by filing his Opposition. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

forfeitures to reduce employer contributions if that plan language was irrelevant and, as Plaintiff argues here, an employer can never use forfeitures that way regardless of the plan language. *See* Dkt. 18-6 at PageID.206 (DOL arguing that "[t]he *only issue* is whether this practice was *contrary to the forfeiture provisions of the Plan Documents*") (emphasis added). Thus, the DOL's Brief undermines Plaintiff's position here, and Claims One through Five should be dismissed.

### 5. Plaintiff's Other Arguments Are Without Merit.

Plaintiff's other arguments are without merit and based on cases having nothing to do with the issues here. For example, *Holland v. Arch Coal, Inc*. involved interpretation of Coal Act obligations to provide financial security for certain benefit payments. 947 F.3d 812, 818-20 (D.C. Cir. 2020). It did not involve forfeitures, unvested employer contributions, or the regulations, proposed regulations, or other guidance discussed above. *Chao v. Anderson* likewise did not involve a challenge to the use of plan forfeitures in a defined contribution plan. 2007 WL 1448705, at *1 (E.D. Va. May 9, 2007). Instead, those defendants admitted that they breached their fiduciary duties and that, as a result, their plan suffered damages. *Id.* They argued, however, that they were entitled to a reduction in the plan's *damages* by the amount in the plan's forfeiture account. The district court held that the forfeiture account could not be used to offset the damages caused by the defendant's admitted fiduciary breach, particularly where the employer had not contributed those amounts in the first place. *Id.* at *2 ("Instead, the Forfeiture Account's balance has accrued over the life of the Plan from the contributions of Plan participants, namely from *employee contributions* that never vested or benefits for employees that cannot be located.") (emphasis added). Of course, how damages are measured in a fiduciary breach case is a completely different issue from how forfeitures in an ERISA plan—defined benefit or defined contribution—can be used. As such, the *Anderson* court (like all of Plaintiff's cases) did not mention the regulations, legislative history, or other guidance about the proper use of forfeitures because none of that was at issue.

By contrast, Plaintiff fails to distinguish the on-point authority Defendants cite, which properly puts the focus on whether plan participants are getting the benefits they were promised. *See, e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 446 (1999) (quoting *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996)) ("ERISA, by and large, is concerned with 'ensur[ing] that employees will not be left emptyhanded once employers have guaranteed them certain benefits,' not with depriving employers of benefits incidental thereto."); Mot. at 9; *see also Holliday v. Xerox Corp.*, 732 F.2d 548, 550-51 (6th Cir. 1984) (finding "no violation of either the letter or the spirit of ERISA" where fiduciaries transferred funds from one retirement account to "reduce[] the amount of money [they] would have to contribute" in another).

In the end, Plaintiff's arguments prove too much, because if he was right, forfeiture could not be used to reduce employer contributions in any defined contribution plan, or any defined benefit plan. But even Plaintiff admits the law does not prohibit that use of forfeitures in defined benefit plans or money purchase plans. And he cannot square his arguments with the regulations, legislative history, and other guidance cited above—or even the DOL Brief that he relies on and attaches to his Opposition. The forfeiture amounts that Plaintiff challenges always remained in the Plan and were used to provide benefits to participants. ERISA requires nothing more.

### B. Plaintiff's Failure to Monitor Claim (Claim Six) Fails.

The parties agree that if Plaintiff's underlying fiduciary breach claims fail, so too does his derivative duty to monitor claim. Mot. at 10; Opp. 24-25.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Claims One through Six in the Complaint.

| | |
|---|---|
| Dated: February 20, 2024 | MORGAN, LEWIS & BOCKIUS LLP |
| | /s/ Jennifer B. Zargarof<br>Jennifer B. Zargarof<br>Samson C. Huang<br>Attorneys for Defendants<br>QUALCOMM INCORPORATED and<br>QUALCOMM INCORPORATED US<br>RETIREMENT COMMITTEE |