1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ANTONIO PEREZ-CRUET,

                 Plaintiff,

v.

QUALCOMM INCORPORATED, et al.,

                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  23-cv-1890-BEN (MMP)

**ORDER DENYING MOTION FOR RECONSIDERATION**

**[Dkt. 23]**

     Now before the Court is Defendants' motion for reconsideration or to certify the case for interlocutory review.  The motion is **DENIED**.  A more detailed factual summary of this case can be found in the Court's previous Order denying Defendants' Motions to Dismiss.

     As relevant here, Defendants argue the Court should reconsider its ruling on their Motion to Dismiss because the Court allegedly committed a clear error on a controlling question of law.  In the alternative, Defendants ask the Court to certify its order denying the motion to dismiss for interlocutory appeal.  Defendants argue an interlocutory appeal would decide a controlling question of law and advance the ultimate termination of

litigation.  Plaintiffs oppose the motion, arguing Defendants merely reiterate the arguments they made in their Motion to Dismiss and an interlocutory appeal would do little to advance the litigation or decide the ultimate merits of the case.

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982).  Nevertheless, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999)).  Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected.  *See Harrison v. Sofamor/Danek Grp., Inc.*, Case No. 94-cv-0692-K, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an "otherwise [un]appealable" order for interlocutory review.  In order to certify an order for appeal, the court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The Ninth Circuit has stressed that § 1292(b) is to be applied sparingly and only in exceptional situations in which an interlocutory appeal would help avoid protracted and expensive litigation. *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982).

Defendants argue the Court should reconsider its Order because the Court erred by holding Plaintiffs have plausibly alleged claims under ERISA.  Much of Defendants' motion reasserts a previously presented legal argument.  Defendants argue again that 26

U.S.C. §401(a)(8) and IRS regulation §1.401-7(a) should be understood to shield Defendants' decision as Plan fiduciaries from ERISA liability.  This Court continues to disagree with Defendants' interpretation.  Moreover, this conclusion does not appear to be a clear error of law.  Therefore, reconsideration is not justified.  *Alvarado Orthopedic Rsch, L.P. v. Linvatec Corp.*, 2013 WL 12066133, at *1 (S.D. Cal. July 19, 2013).

Defendants also argue a different decision requires the Court to reconsider.  *Hutchins v. HP INC.*, Case No 23cv5875-BLF (N.D. Cal. June 17, 2024), is a more recent decision addressing similar issues.  On the whole, *Hutchins* stands in harmony with this Court's Order.  That *Hutchins* arrived at a different outcome strongly suggests that the Rule 12(b)(6) plausibility test for an ERISA breach of fiduciary duty claim is inherently fact specific.  Because the plausibility test requires a focus on facts, it is not surprising that there might be different outcomes on a motion to dismiss for these types of claims.  In fact, *Hutchins* found that its plaintiffs might be able to plausibly allege a claim based on more particularized facts or special circumstances and granted leave to amend.  *E.g. Hutchins*, Order at 12, 20.  The differences in reasoning and factual allegations between *Hutchins* and this Court's Order are insufficient to justify reconsideration.  *Harrison*, 1998 WL 1166044, at *4 ("In general, a party may not use a motion for reconsideration simply as a tool to reassert previously presented legal arguments or facts.").  Accordingly, Defendants' Motion for Reconsideration is denied.

In the alternative, Defendants request the Court certify its order for interlocutory appeal.  To certify an order for interlocutory review, a court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Defendants assert all three prongs of this test are met.  The Court disagrees.

The Ninth Circuit has held that § 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."  *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  An interlocutory

-3-

appeal here would have the effect of actually slowing, not advancing, the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Allegations of fiduciary defalcation are inherently fact-sensitive and do not lend themselves to resolution prior to trial.  The Court is ready to resolve this case on its merits and an interlocutory appeal will delay that endeavor.  Accordingly, the request to certify an interlocutory appeal is denied.

**CONCLUSION**

The Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED:    August 12, 2024

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-4-